```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

IN RE FORECLOSURE CASES       :     Case Nos. 2:07-cv-247
                                              2:07-cv-277
                              :               2:07-cv-685
                                              2:07-cv-965
                              :               2:07-cv-1022
                                              2:07-cv-1168
                              :

                              :     JUDGE GRAHAM

                              :


                        OPINION AND ORDER

    Before the Court are the above-listed foreclosure actions. Plaintiffs are various lending institutions who have filed these foreclosure actions to recover on defaulted notes and mortgages that they allegedly hold. The complaints assert diversity as the basis for federal jurisdiction under 28 U.S.C. § 1332 because, in each case, the parties are citizens of different states and the amount in controversy exceeds $75,000. However, after an examination of the record in each case, this Court finds that plaintiffs were not the holders of the notes and mortgages in question at the time the complaints were filed. Thus, plaintiffs lack standing to bring these foreclosure actions.

**I.   Standing**

    A party seeking to bring a case into federal court on grounds of diversity has the burden of establishing diversity jurisdiction. Coyne v. American Tobacco Company, 183 F.3d 488, 493 (6th Cir. 1999). The plaintiff must establish as a jurisdictional

prerequisite that he has standing to bring the lawsuit in federal court. Id. at 494; Warth v. Seldin, 422 U.S. 490, 498 (1975) (Standing is "the threshold question in every federal case"). If plaintiff cannot establish constitutional standing, the complaint must be dismissed for lack of subject matter jurisdiction. Loren v. Blue Cross & Blue Shield of Mich., 505 F.3d 598, 607 (6th Cir. 2007).

In order to demonstrate standing, plaintiff must prove that he has suffered an actual or threatened injury, the injury is "fairly traceable" to the defendant, and the requested relief is capable of redressing the injury. Coyne, 183 F.3d at 494 (citing Valley Forge Christian College v. Americans United for Separation of Church & State, Inc., 454 U.S. 464, 472 (1982)). Courts must assess standing "under the facts existing *when the complaint is filed*." Am. Civil Liberties Union of Ohio, Inc. v. Taft, 385 F.3d 641, 645 (6th Cir. 2004) (emphasis added) (citations omitted); see also Cleveland Branch, NAACP v. City of Parma, Ohio, 263 F.3d 513, 524 (6th Cir. 2001).

The issue of standing is open to judicial review at every stage of the litigation. Nat'l Org. for Women, Inc. v. Scheidler, 510 U.S. 249, 255 (1994). Because the standing issue goes to a court's subject matter jurisdiction, it can be raised *sua sponte*. Loren, 505 F.3d at 607. Though a determination of standing is generally based upon allegations in the complaint, when standing is in question, courts may consider evidence thereof. See NAACP, 263 F.3d at 523-30.

**II.  Discussion**

In the context of a foreclosure action, "the plaintiff must show that it is the holder of the note and the mortgage at the time the complaint was filed" and show that "the holder of the note and mortgage is harmed, usually by not having received payments on the note" at the time the complaint was filed. NovaStar Mortgage, Inc. v. Grooms, No. 3:07-cv-395, 2007 WL 4190796, at *1 (S.D. Ohio Nov. 21, 2007).

In each of the above-listed cases, the note and mortgage attached to the complaint show that the named plaintiff was not the original lender.  Every plaintiff has submitted an affidavit averring that it is the holder of the notes and mortgages in question; however, these affidavits uniformly lack any statements of when the mortgages were assigned and recorded.

In response to the Court's General Order 07-03, which requires foreclosure plaintiffs to submit full recorded copies of the mortgage, note, and any assignment, counsel for plaintiffs filed recorded copies of the applicable assignments.  In each case, the assignment of mortgage was executed and recorded after the complaint was filed.

Thus, the record shows that plaintiffs did not own the notes and mortgages in question at the time they filed their foreclosure complaints.  Plaintiffs have failed to show that they suffered an injury in fact from the alleged defaults by defendants and have not carried their burden of proving standing.  These foreclosure actions must therefore be dismissed for lack of subject matter jurisdiction. See NovaStar Mortgage, Inc. v. Pearson, No. 1:07-cv-1143, 2008 WL 355576, at *2 (N.D. Ohio Feb. 6, 2008) (dismissing

foreclosure action because record showed that plaintiff was assigned the mortgage after complaint was filed); <u>In re Foreclosure Cases</u>, Nos. 2:07-cv-166, *et al.*, 2007 WL 4589765, at *4-5, (S.D. Ohio Dec. 27, 2007) (same); <u>In re Foreclosure Cases</u>, Nos. 1:07-cv-2282, *et al.*, 2007 WL 3232430, at * 2 (N.D. Ohio Oct. 31, 2007) (same).

### III. Conclusion

Because the record demonstrates that plaintiffs lack standing, the above-captioned foreclosure complaints are dismissed without prejudice.

<pre>
                                    s/ James L. Graham
                                    JAMES L. GRAHAM
                                    United States District Judge
</pre>

DATE: August 4, 2008